# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
www.flsb.uscourt.gov

In re:                                                             Case No. 20-22879-LMI

MIGUEL ANGEL RODRIGUEZ                              Chapter   13

       Debtor.
_____/

## YASMIN CARVAJAL'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION AND FIRST REQUESTS FOR ADMISSION TO DEBTOR

Yasmin Carvajal ("**Creditor**") of Miguel Angel Rodriguez ("**Debtor**"), propounds upon Debtor: (1) her First Set of Interrogatories set forth on Schedule B, pursuant to Fed. R. Civ. P. 33; (2) her First Requests for Production set forth on Schedule C, pursuant to Fed. R. Civ. P. 34; and (3) her First Requests for Admission set forth on Schedule D, pursuant to Fed. R. Civ. P. 36. These discovery requests are subject to the Definitions and Instructions set forth on Schedule A.

Dated:  May 19, 2021.

### CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am qualified to practice before this Court as set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served on May 19, 2021 to all registered parties via CM/ECF and:

Lisa M. Castellano, Esq. on behalf of Attorney Brickell Biscayne Condominium Assocation, Inc.
lcastellano@gjb-law.com, btraina@gjb-law.com;vlambdin@gjb-law.com

Maria I. Escoto-Castiello, Esq on behalf of Debtor Miguel Angel Rodriguez
Maria@mec-lawfirm.com

Diangleo S Frazer on behalf of Creditor Wells Fargo Bank, National Association
dfrazer@rasmonitor.com

Seth J Greenhill on behalf of Creditor Ocwen Loan Servicing, LLC
sgreenhill@padgettlaw.net,
desiree.wyatt@padgettlawgroup.com;angelica.reyes@padgettlawgroup.com;NSbkecf@padgettlaw.net;PLG@ecf.courtdrive.com;bkecf@padgettlaw.net

April Harriott on behalf of Creditor Wells Fargo Bank, National Association
aharriott@raslg.com

Jennifer Margolis Marquez on behalf of Creditor Urological Associates of South Florida, P.A.
jenmargolis@bellsouth.net, gail@newmanmarquezpa.com

Karena Mattingly on behalf of Attorney Brickell Biscayne Condominium Assocation, Inc.
kmattingly@bplegal.com

Nancy K. Neidich
e2c8f01@ch13miami.com, ecf2@ch13miami.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Ariel Sagre on behalf of Creditor Yasmin Carvajal
law@sagrelawfirm.com

Christopher P Salamone on behalf of Creditor Wells Fargo Bank, National Association
csalamone@raslg.com, csalamone@raslg.com

Peter D Spindel on behalf of Debtor Miguel Angel Rodriguez
peterspindel@gmail.com, peterspindelcmecf@gmail.com <u>via</u>

<u>First-class US Mail</u>
Miguel Angel Rodriguez
150 S.E. 25th Rd., Unit 5F
Miami, Florida 3312
*Debtor*

                              Respectfully submitted,

                              SAGRE LAW FIRM, P.A.
                              Attorney for Yasmin Carvajal
                              5201 Blue Lagoon Drive, Suite 892
                              Miami, FL 33126
                              Telephone: (305) 266-5999, Facsimile: (305) 265-6623
                              E-Mail: <u>law@sagrelawfirm.com</u>

                By:    <u>/s/ Ariel Sagre</u>
                        ARIEL SAGRE, ESQ.
                        Florida Bar No.: 557447

## SCHEDULE A

### DEFINITIONS

A. "Creditor" means Yasmin Carvajal, her attorneys, and anyone acting on her behalf.

B. "You," "Your" or "Debtor" means Miguel Angel Rodriguez.

C. "Debtor" means Miguel Angel Rodriguez.

D. "This case" means the above-styled bankruptcy case no. 15-24592-LMI.

E. "Evidence," "refer," or "relate" means and includes supporting, showing, or being legally or logically connected with a matter in any way, including the document referred to.

F. "Document" is synonymous in meaning and equal in scope to the usage of this term as described in Fed. R. Bankr. P. 34. Document includes electronically recorded information.

G. "Communication," means the transmission, sending and/or receipt of information of any kind by and/or through any means, including without limitation, speech, writings, language, computer or electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type and/or other media of any kind.

H. "Property" means real property located at 150 S.E. 25th Rd., Unit 6-F, Miami, Florida 33129.

I. "Matured" means the debt became due and owing.

J. "Creditor" means Yasmin Carvajal.

## INSTRUCTIONS

A. You are requested to produce all Documents within Your possession, custody or control, whether held by You or by Your agents.

B. A request to produce a Document includes all drafts and non-identical copies of such document.

C. These discovery requests are subject to the requirements set forth in Fed. R. Civ. P. 26.

D. The Interrogatories are subject to the requirements set forth in Fed. R. Civ. P. 33.

E. The Requests for Production are subject to the requirements set forth in Fed. R. Civ. P. 34.

F. The Requests for Admission are subject to the requirements set forth in Fed. R. Civ. P. 36.

## SCHEDULE B

## INTERROGATORIES

1. Identify each and every person answering or contributing information to the answers to these interrogatories and identify the particular matter to which each person responded or contributed.

ANSWER:

2. Describe with specificity how you suffered sales decreases as you indicated in paragraph 3 of your motion to approve modified and extend chapter 13 plan beyond 60 months at ECF No. 140:

ANSWER:

3. Describe with specificity the "material financial hardship" you suffered "as a result of COVID-19" as you indicated in paragraph 3 of your motion to approve modified and extend chapter 13 plan beyond 60 months at ECF No. 140:

ANSWER:

4.  Describe with specificity how your "income has been extremely decreased due to decline in business sales" as you indicated in paragraph 4 of your motion to approve modified and extend chapter 13 plan beyond 60 months at ECF No. 140:

ANSWER:

5.  Describe with specificity how your proposed chapter 13 plan treatment of paying Creditor Yasmin Carvajal in month 84 the sum of $119,378.92 rather than paying Creditor Yasmin Carvajal in month 60 the sum of $147,184.88 is not an unreasonable delay?

ANSWER:

6.  Describe with specificity how your proposed chapter 13 plan treatment of paying Creditor Yasmin Carvajal in month 84 the sum of $119,378.92 rather than paying Creditor Yasmin Carvajal in month 60 the sum of $147,184.88 is a reasonable delay?

ANSWER:

7. Describe with specificity how your proposed chapter 13 plan treatment of paying Creditor Yasmin Carvajal in month 84 the sum of $119,378.92 rather than paying Creditor Yasmin Carvajal in month 60 the sum of $147,184.88 is not a material default with respect to the term in the confirmed chapter 13 plan that required a payment in month 60 of $147,184.88.

ANSWER:

8. Describe with specificity how your proposed chapter 13 plan treatment of paying Creditor Yasmin Carvajal in month 84 the sum of $119,378.92 rather than paying Creditor Yasmin Carvajal in month 60 the sum of $147,184.88 is an immaterial default with respect to the term in the confirmed chapter 13 plan that required a payment in month 60 of $147,184.88.

ANSWER:

## VERIFICATION FOR INTERROGATORIES

BEFORE ME this day personally appeared _____ who, being first duly affirms, deposes and says that the answers to the foregoing Interrogatories are true and correct to the best of his/her knowledge and belief.

        Debtor

Name: _____

Title: _____

Date: _____

STATE OF FLORIDA

COUNTY OF

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this _____ (date) by _____ as _____, _____, on behalf of the company He/she is personally known to me or has produced _____ (type of identification) as identification.

_____
Notary Public
My commission expires:

## SCHEDULE C

## REQUESTS FOR PRODUCTION

1. Creditor requests that Debtor produce and permit Creditor to inspect and copy any and all communications and Documents, including electronically stored information, that evidence, refer or relate to the following:

A. Copies of any and all financial statements (audited and/or unaudited), loan applications, compilations, balance sheets and any other financial reports or other Documents submitted by the Debtor to any entity extending credit to the Debtor or from whom the Debtor from August 12, 2015 through March 25, 2020.

B. Copies of any and all good-faith estimates received regarding the potential refinance of your home from August 12, 2015 through March 25, 2020.

C. Copies of any and all real estate listing agreements enter into regarding the potential sale of your home from August 12, 2015 through March 25, 2020.

D. Copies of any and all Documents, including but not limited to appraisals (formal or informal), invoices, receipts or credit card statements, pertaining to, evidencing, identifying and valuing your home from August 12, 2015 to May 19, 2021.

E. Copy of your valid Florida Driver's License.

F. Copy of your Federal Income Tax Return for 2020.

G. Copy of your Federal Income Tax Return for 2019.

H. Copy of your Federal Income Tax Return for 2018.

I. Copy of your Federal Income Tax Return for 2017.

J. Copy of your Federal Income Tax Return for 2016.

K.	Copies of any and all financial statements (audited and/or unaudited), loan applications, compilations, balance sheets and any other financial reports or other Documents submitted by the Debtor to any entity extending credit to the Debtor or from whom the Debtor from March 26, 2020 to May 19, 2021.

L.	Copies of any and all good-faith estimates received regarding the potential refinance of your home from March 26, 2020 to May 19, 2021.

M.	Copies of any and all real estate listing agreements enter into regarding the potential sale of your home from March 26, 2020 to May 19, 2021.

## SCHEDULE D

## REQUESTS FOR ADMISSION

Creditor asks You to admit, for purposes of this case only and subject to objections to admissibility at trial:

1. The truth of each of the following statements:

   A. The balloon mortgage dated April 5, 2006 and recorded on April 12, 2006 at Official Records Book 24421 at Pages 1829-1838 matured on April 20, 2011. *See Proof of Claim 4-1 filed on January 19, 2016*.

   B. The Debtor caused unreasonable delay to Creditor Yasmin Carvajal in this matter that is prejudicial to Creditor Yasmin Carvajal.

   C. The Debtor committed a material default with respect to Creditor Yasmin Carvajal regarding the term in the confirmed chapter 13 plan that required a payment in month 60 of $147,184.88.

   D. The Debtor is unable to pay Creditor in month 84 the sum of $119,378.92.